United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 30, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-61192
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE TORRELLAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:05-CR-00021
--------------------

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jose Torrellas, who entered a conditional guilty plea to one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), appeals the district court's denial of his motion to suppress. We review factual findings made by a district court on a motion to suppress for clear error, and we review the district court's ultimate conclusions on Fourth Amendment issues de novo. United States v. Santiago, 310 F.3d 336, 340 (5th Cir. 2002). Finding no error, we affirm.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Torrellas was stopped for speeding by Officer Chris Read of the Meridian Police Department's Interstate Crime Enforcement unit. There is no question that the stop was justified or that Officer Read could, consistent with the Fourth Amendment, question Torrellas regarding his itinerary and then perform a computer records check. See United States v. Brigham, 382 F.3d 500, 507-08 (5th Cir. 2004) (en banc).

In addition, the district court correctly applied our six-factor test to determine whether Torrellas voluntarily consented to the search. See United States v. Shabazz, 993 F.2d 431, 438 (5th Cir. 1993). Although much of the exchange between Officer Paxson and Torrellas regarding consent is muffled, both officers testified that Torrellas volunteered to allow them to search his car when Officer Paxson asked whether he had contraband in the car. They also testified that Torrellas twice confirmed his consent when Officer Paxson asked whether Torrellas "had a problem" with the officers searching the car. There was no evidence of any coercive procedures employed to obtain the consent; to the contary, Torrellas volunteered to allow a search in response to a question about contraband. In a similar vein, Torrellas was cooperative, further indicating that his consent was voluntary. Although there is no direct evidence that Torrellas knew that he could withhold consent, there is likewise nothing to suggest that Torrellas believed that he was required to consent. The district court appropriately concluded that

Torrellas was not unintelligent, which is evident from the videotape and supported by the district court's prior interaction with Torrellas. Finally, the district court permissibly drew the inference that Torrellas believed that the drugs would not be found. Given the record, we cannot say that the district court erred in concluding that Torrellas's consent was voluntary. Given that Torrellas consented to the search while the records check was being run, the fact that the officers did not inform him that the check was "clean" before searching in no way vitiated his consent; there is nothing to suggest that his consent was in any way predicated on the records check, and the officers were justified by his consent to search the car.

We reject Torrellas's assertion that his consent did not include the trunk or the speaker box located in the trunk. Torrellas's general consent to search the car for drugs justified searching wherever drugs might be concealed. See Florida v. Jimeno, 500 U.S. 248, 251 (1991); United States v. Ross, 456 U.S. 798, 820-24 (1982). In addition, Torrellas specifically told Officer Read that he could open the box.

Torrellas also contends that the evidence should be suppressed because he was stopped solely based on the fact that he is Hispanic. With respect to Torrellas's Fourth Amendment claim, it is beyond cavil that the officers' subjective motivations for the stop are irrelevant to the Fourth Amendment

analysis. See United States v. Lopez-Moreno, 420 F.3d 420, 432 (5th Cir. 2005).

Torrellas's claim that the alleged racial profiling violated the Equal Protection Clause of the Fifth and Fourteenth Amendments also fails. Although whether suppression is an appropriate remedy for an Equal Protection Clause violation is an open question, see United States v. Lopez-Moreno, 420 F.3d 420, 434 (5th Cir. 2005), cert. denied, 126 S. Ct. 1449 (2006), we need not answer that question here, because Torrellas has failed to provide evidence of any discriminatory motives by the officers. Rather, he offers nothing more than speculation and innuendo, much of which is colored by his mistaken assertion that the officers worked for Immigration and Customs Enforcement and were searching for illegal aliens rather than enforcing traffic laws.

For the foregoing reasons, the judgment of the district court is AFFIRMED.